CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 1 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JILL A. HODGES, | ) | CASE NO. 3:06CV00056 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By:   B. Waugh Crigler |
| of Social Security[1], | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's August 2, 2004 protectively filed claim for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter DENYING the defendant's motion for summary judgment, REVERSING the Commissioner's final decision and GRANTING summary judgment to plaintiff to that extent but REMANDING the case for further proceedings under Sentence 4 of 42 U.S.C. § 405(g) with the direction to conduct further proceedings at the final level of the sequential evaluation consistent herewith.

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for JoAnne B. Barnhart as the defendant.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff was thirty-six years old on her alleged disability onset date, May 1, 2002; had at least a high school education and "a couple years" of college at the time of the decision; had not engaged in substantial gainful activity since her disability onset date; and was insured for benefits through December 31, 2006. (R. 17-19, 265.) The Law Judge further found that plaintiff suffered headaches, obesity and depression, which were severe impairments, but not severe enough to meet or equal any listed impairment, and that she suffered non-severe, mild cervical degenerative disc disease and substance abuse. (R. 19, 20). Giving less weight to the opinions of plaintiff's treating physicians and more to those of State agency consulting reviewers, and believing that plaintiff's daily activities did not support her claim of disabling limitations, the Law Judge further determined that plaintiff was capable of lifting, carrying, pushing, pulling ten pounds occasionally and less than ten pounds frequently; sitting up to six hours in an eight-hour day; standing /walking at least two hours per workday; taking normal breaks during the day; and performing unskilled work on a sustained, regular and continuous basis. (R. 22-24.) He concluded plaintiff was able to perform, and make an adjustment to a full range of sedentary work. (R.22.) Nevertheless, the Law Judge was of the view that she was unable to preform her past relevant work as a sales associate, a dental office manager, a medical transcription worker, a stocker and a waitress. (R. 24.) A vocational expert (VE) not only evaluated the plaintiff and submitted a report thereof as evidence in the case, he was the VE called to testify at the February 13, 2006 hearing before the Law Judge. (R. 129-133, 282-285.) He opined in his written report that plaintiff was unable to perform her past relevant work, and that no jobs would be available to her with the mental limitations presented by medical evidence with which he was familiar. (R. 133.) The Law Judge

2

limited VE's hearing testimony to plaintiff's past relevant work, though he took judicial notice that if plaintiff suffered the limitations opined by John P.D. Shemo (transcribed as "Shimo"), no jobs would be available to the plaintiff. (R. 242-244, 284.) Totally relying on the Medical-Vocational Guidelines ("grids"), the Law Judge regulatorily was directed to find plaintiff not disabled under the Act. (*Id.*)

Plaintiff sought review by the Appeals Council. On August 25, 2006, the Council denied review, finding no reason in the record or arguments made by plaintiff's counsel to grant review. (R. 10-12.) This action ensued.

The court is required to uphold the Commissioner final decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545. The regulations grant latitude to the Commissioner in resolving conflicts or inconsistencies in the medical evidence, and whether a claimant is disabled is a question for the Commissioner and not one reserved to any one or more medical sources. 20 C.F.R. § 404.1527(e)(2).

Greater and, under some circumstances, controlling weight is to be assigned to treating source evidence because such sources ordinarily have a longitudinal view of a claimant's medical history. 20 C.F.R. § 404.1527(d)(2). Nevertheless, a Law Judge may evaluate the evidence of State agency review consultants, and such evidence may be found to countervail that of treating sources provided the Law Judge explains the basis in his/her decision for according controlling weight to non-treating, non-examining record consultants. 20 C.F.R. §404.1527(f)(2)(ii). Where a

Case 3:06-cv-00056-NKM-BWC   Document 13   Filed 07/10/07   Page 3 of 8   Pageid#: 69

claimant suffers an impairment which is likely to produce the symptoms claimed, including disabling pain, the Law Judge also may look to all the evidence in the record, including the claimant's work history and daily activities in determining the extent to which the claimant's symptoms limit his/her capacity to perform work-related activities. 20 C.F.R. §§ 404.1529(c)(1) and (c)(2).

Where a claimant has proved an inability to perform his/her past relevant work, as was the case here, the burden shifts to the Commissioner to come forward with evidence that alternate gainful employment is available to the claimant. 20 C.F.R. §§ 404.1520 and 416.920. Where non-exertional limitations are present, the Commissioner cannot rely on the grids to compel a conclusion that the claimant is not disabled, but, instead, must produce vocational evidence that jobs are available given the claimant's impairments and their vocational effect. 20 C.F.R. §§ 404.1569 and 416.969, Appendix 2, § 200.00(e); *Hall v. Harris*, 658 F. 2d 260 (4th Cir. 1981). For the vocational evidence to be material and useful in determining whether jobs exist for a person like the claimant, the VE must be permitted to consider all the substantial evidence in the record concerning a claimant's maladies and their work-related effects. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989).

Plaintiff contends that the Law Judge failed to give controlling weight to the evidence of her treating physicians which she believes was consistent with the overall weight of the evidence in this case. (Plaintiff's Brief In Support of Motion For Summary Judgment)("Pl.'s Brief")[2] In particular, she points to the evidence submitted by George M. Stergis, M.D., her treating neurologist and Dr. Shemo, the medical director of Psychiatric Alliance of the Blue Ridge, Inc. (R.

---

[2]Plaintiff's Brief is not paginated, so page references will be omitted.

4

191-202, 250-251 and R.187-190, 203, 242-249, respectively.) Moreover, plaintiff contends that the Law Judge failed to properly credit her lay evidence. (*Id.*) She complains that the Law Judge credited her "self-reported activities" in a manner which overrode the evidence of her treating sources which showed marked and serious limitations on her ability to perform work satisfactorily and in derogation of her mother's testimony revealing that her daughter's "pride" caused her not to recognize the severity of her own limitations and to portray her abilities in "a little more glowing" terms than existed. (*Id.*, R. 245, 280-281.)

Finally, plaintiff contends that the Law Judge did not address the weight he gave the VE's evidence and testimony. As indicated, the VE had submitted a written report following an evaluation of the plaintiff, and, then, he appeared to testify presumably on behalf of the Commissioner. Plaintiff believes that the Law Judge should have provided an explanation for the weight he gave, and did not give, the vocational evidence, apart, of course, from his clear reliance on that evidence in concluding plaintiff was unable to perform her past relevant work.

The Commissioner, on the other hand, takes the position that his final decision is supported by substantial evidence. (Defendant's Memorandum In Support of His Motion For Summary Judgment ("Def.'s Memorandum") at 2-4.) He offers that the Law Judge explained that he did not given controlling weight to Dr. Shemo's views because the physician's treatment had been "intermittent," plaintiff had visited only six times, and Dr. Shemo's opinions were not supported by his own objective clinical evidence and by plaintiff's daily activities. (*Id.* at 9-16.) Moreover, the Commissioner believes Dr. Shemo's opinions were contradicted both by plaintiff's other treating evidence and that of the DDS review consultants, thereby providing a substantial evidentiary basis for the Law Judge's decision not to fully credit Dr. Shemo's opinions.

The Commissioner also offers that the Law Judge's resolution of plaintiff's credibility is supported by substantial evidence, primarily her daily activities. (*Id.* at 16-20.) He essentially asks the court to dismiss, out-of-hand, what he considers to be plaintiff's counterintuitive argument that the Law Judge should have found plaintiff's self-reported daily activities to be hyperbole, or simply a misstatement of the true nature of her limitations.

The Commissioner advances that he had a right to rely on the grids to compel a finding that plaintiff was not disabled. (*Id.* at 20-23.) He advances that all the regulatory criteria were met permitting the application of the grids in that he concluded that plaintiff possessed the capacity to perform sedentary work, she was younger, had a high school education and her past work was skilled or semi-skilled. Because the plaintiff thus was found not disabled at the fourth level of the evaluative process, the Commissioner suggests that it was not necessary to consider any further vocational testimony. Even then, the Commissioner takes the view that the ultimate issue of whether a claimant is disabled is exclusively reserved to him, and that no opinions are entitled to deference on that ultimate issue. (*Id.* at 22.) Finally, the Commissioner argues that the VE's evidence never would constitute acceptable medical evidence and that the Law Judge was not required to treat him as a medical source in determining the nature and extent of her limitations.

There is no question here that plaintiff proved a *prima facie* case by demonstrating she suffered severe impairments which prevented her from performing her past relevant work. The burden, therefore, shifted to the Commissioner to produce evidence demonstrating that jobs were available to her, considering her impairments and limitations. The Law Judge's findings reveal that plaintiff suffered a mental impairment which, according to the Commissioner's own regulations, produces non-exertional limitations on her ability to perform work-related activities. 20 C.F.R. §§

6

404.1569 and 416.969, Appendix 2, § 200.00(e). Thus, the Commissioner's contention that "all of the criteria" for applying the grids was met, simply cannot be sustained on his own adopted findings, much less the record as a whole. More than that, the Law Judge made no finding concerning the extent of the plaintiff's non-exertional limitations. Therefore, there were no specific findings about how such limitations impacted any specific job falling in the sedentary work category. Instead, the Law Judge jumped that hurdle and directly applied the grids to compel a conclusion that plaintiff was not disabled.

The undersigned declines any speculation about why the Law Judge chose to by-pass all the vocational evidence at the final sequential level while electing to rely on the same VE to support his conclusions about plaintiff's inability to perform her past relevant work. Identical medical and other lay data underpin both questions and both portions of the VE's report and testimony. If the Law Judge had taken evidence from the VE at the final sequential level, rather than side-stepping it by taking judicial notice of the VE's report, plaintiff's counsel then would have had an opportunity for a cross-examination relating to all the effects of plaintiff's maladies on the sedentary jobs the VE otherwise might identify in response to the Law Judge's direct examination. It was error for the Law Judge not to have pursued that inquiry.

Such error invites reversal, but it does not dictate entry of judgment for the plaintiff. Instead, the case should be remanded for further proceedings with direction to the Commissioner that, in the event he cannot grant benefits on the current record, he is to recommit the case for a full and fair examination of the VE and for supplemental findings and conclusions at the final level of the sequential evaluation consistent with *Walker v. Bowen, supra.*

It is RECOMMENDED that an order enter REVERSING the Commissioner's final

7

decision and GRANTING summary judgment to plaintiff to that extent, but REMANDING the case for further proceedings under Sentence 4 of 42 U.S.C. § 405(g) with the direction to conduct further proceedings consistent herewith.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED:

_____
U.S. Magistrate Judge

_____
Date

8